# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH HARRIS | : |
| Plaintiff, | : |
| v. | : 3:13-CV-2282 |
| | : (JUDGE MARIANI) |
| CITY OF SCRANTON | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. Procedural History

On August 30, 2013, Plaintiff, Joseph Harris, filed a Complaint alleging a single count of violations of Plaintiff's First Amendment rights to free speech and association and retaliation. (Doc. 1). Defendant, the City of Scranton, moved to dismiss the complaint. (Doc. 6). The parties have fully briefed the motion, and it is ripe for decision. For the reasons set forth below, the Court will deny Defendant's motion.

This case involves a federal question and therefore the court has jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Factual Allegations

Plaintiff's Complaint alleges the following well-pleaded facts.

Plaintiff was a Firearms Instructor for the City of Scranton and is a police officer for the City.[1] (Complaint, Doc. 1, at ¶ 11). Defendant, the City of Scranton, is a local governmental entity. (*Id.* at ¶ 2).

Plaintiff alleges that on or about February 8, 2012, he spoke at a public meeting about "the monopoly on law enforcement uniform and equipment purchases", in reference to law enforcement personnel being mandated to only wear uniforms from Starr Uniform. (Doc. 1, at ¶¶ 7, 8). At this time, Plaintiff argues that he was speaking as a citizen on behalf of himself and his parents' business, Roll Call, LLC. (*Id.* at ¶¶ 7, 10). This meeting was televised and subsequently reported in the *Scranton-Times*. (*Id.* at ¶ 9).

Prior to February 2012, Plaintiff was a Firearms Instructor for the City of Scranton, had logged over 160 hours of specialized training, and, in 2011, qualified many of the 140 City of Scranton police officers at the Starr Uniform facility. (*Id.* at ¶¶ 11, 12).

After speaking at the meeting in February 2012, Plaintiff alleges that he was removed from his position and was not allowed to train at the target shooting range with his co-workers at Starr Uniform. (*Id.* at ¶ 13). Plaintiff does not identify in his Complaint who took these actions, when they occurred, or whether the actors were agents or employees of the city acting within the scope of their employment. This forced Plaintiff to qualify his firearm at a different location. (Doc. 1 at ¶ 15). Plaintiff was also instructed to obtain union

---

[1] Plaintiff's allegations include the claims that "having never been disciplined as a Police Officer in his 10 years on the force", he was "called into the Chief's office about the situation in or around September 2012" (Doc. 1 at ¶ 14), and that he was treated differently than the other 140 police officers on the Scranton Police Force, thus presenting that he, too, is a city police officer.

representation and, in or about September 2012, was "called in to the Chief's office about the situation". (*Id.* at ¶ 14). In 2013, Plaintiff was again required to obtain training at a location other than Starr Uniform and was prohibited from being one of the Firearm Instructors. (Doc. 1, at ¶ 16).

Plaintiff alleges that Defendant was aware of Harris' statements at the public meeting and allowed him to be segregated by not allowing him to perform his firearm qualification training at Starr Uniform like the other 140 police officers on the force, and by not allowing Plaintiff to serve as a Firearms Instructor. (Doc. 1, at ¶¶ 17, 19). As a result, Plaintiff claims that he suffered harassment, humiliation, mental anxiety, stress, and sleeplessness. (*Id.* at ¶¶ 18, 19).

Plaintiff is now suing the City of Scranton under 42 U.S.C. § 1983, alleging that Defendant retaliated against him for engaging in his First Amendment protected speech.

### III. Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. Analysis

The City of Scranton moved to dismiss Plaintiff's Complaint, asserting that Plaintiff failed to state a cause of action for a First Amendment retaliation claim. (Def. Mot. to Dismiss, Doc. 6, at ¶ 7).

To succeed on a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States, committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (en banc). Therefore, in evaluating a § 1983 claim, a Court must first "identify the exact contours of the underlying right said to have been violated" and determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Id.* (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5, 118 S.Ct. 1708, 140 L. Ed. 1043 (1998)). As applied in a case such as the one currently before this Court, "to state a First Amendment retaliation claim, a public employee plaintiff must allege that his activity is protected by the First Amendment, and that the protected activity was a substantial factor in the alleged retaliatory action." *Gorum v. Sessoms*, 561 F.3d 179, 184 (3d Cir. 2009) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006)). "The first factor is a question of law; the second factor is a question of fact." *Id.* (internal citations and quotation marks omitted).

5

"The [Supreme] Court has made clear that public employees do not surrender all their First Amendment rights by reason of their employment. Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417, 126 S. Ct. 1951, 1957, 164 L. Ed. 2d 689 (2006). If public employees speak in the course of their employment, "the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421, 126 S. Ct. at 1951. However, if an employee speaks as a citizen on a matter of public concern, "[t]he question becomes whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public." *Id.* at 418, 126 S. Ct. at 1951.

"To be protected, the speech must implicate a matter of public concern . . . . Speech implicates a matter of public concern if the content, form, and context establish that the speech involves a matter of political, social, or other concern to the community." *Miller v. Clinton Cnty.*, 544 F.3d 542, 548 (3d Cir. 2008) (citing *Connick v. Myers*, 461 U.S. 138, 146-148, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983)). For instance, speech may be a matter of public concern when the speaker seeks to "bring to light actual or potential wrongdoing or breach of public trust" on the part of government officials. *Borden v. Sch. Dist. of Twp. of East Brunswick*, 523 F.3d 153, 170 (3d Cir. 2008) (quoting *Connick*, 461 U.S. at 148, 103 S. Ct. at 1684). However, speech motivated by private concern may also qualify as protected

speech if it "addresses a matter that concerns the public as well as the speaker." *Brennan v. Norton*, 350 F.3d 399, 412 (3d Cir. 2003).

Here, Harris, as a police officer for the City of Scranton, is a public employee, and is alleging that his statements at the public meeting are protected by the First Amendment. Therefore, looking at the Complaint in the light most favorable to the plaintiff, the Court must determine whether Plaintiff has pleaded sufficient plausible allegations that Plaintiff's statements constitute protected activity, and that these statements were a substantial factor in the alleged retaliatory action.

Plaintiff alleges that he was not acting in his official capacity as a city police officer, but instead as a citizen on behalf of himself and his parents' business, and that his statements were meant to expose "the vendor monopoly." (Doc. 1 at ¶¶ 7, 10). In support of this argument, the Complaint alleges that Plaintiff is a city police officer; his remarks were made at a public meeting (*id.* at ¶ 7); local law enforcement are only allowed to use uniforms and equipment sold by Starr Uniform (*id.* at ¶ 8); and that, during the public meeting, he stated that these vending practices were improper and constituted a monopoly (*id.* at ¶ 10). Given these allegations, while the Complaint also states that Plaintiff was speaking, at least in part, on behalf of his parents' business, raising questions as to whether Plaintiff's statements were actually of private concern, his Complaint does plead sufficient allegations to state a claim on the basis that the matter he addressed may be one of public concern wherein its "content, form, and context establish that the speech involves a matter

of political, social, or other concern to the community," and may therefore be protected under the First Amendment.

Assuming that Plaintiff did engage in protected speech when he spoke at the public meeting in February, he must also show that Defendant's actions were sufficient to deter a person of ordinary firmness from exercising his First Amendment rights and that his protected speech "was a substantial or motivating factor in the relevant decision." *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000). Consequently, while the City of Scranton's alleged retaliatory acts must be more than trivial, an employee's First Amendment rights are adversely affected when the employer "makes decisions, which relate to promotion, transfer, recall and hiring, based on the exercise of an employee's First Amendment rights." *Brennan*, 350 F.3d at 419 (quoting *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000)).

The City of Scranton admits that Harris was removed as a Firearms Instructor. (Doc. 6, ¶ 3). However, Defendant alleges that this was as a result of a decision by Starr Uniform, owned by a private citizen, to bar Plaintiff from the target shooting range on its private property, which required the City to find a different individual to train the police officers at the Starr Uniform facility, and not as retaliation for Plaintiff's statements in February, 2012. (*Id.* at ¶¶ 3-5).

Defendant's assertions cannot defeat Harris' claim at the pleading stage of this matter. Plaintiff has pleaded sufficient particularized allegations to raise the issue of

whether his statements were a substantial factor in the alleged retaliatory action. Plaintiff's statements were allegedly reported both on television and in the local newspaper. Subsequent to his comments, he was no longer allowed to train with the other police officers at the Starr Uniform target range, was forced to train at a different gun range, and was removed as a Firearms Instructor. The Chief of Police also spoke to Plaintiff purportedly regarding this matter. While Defendant may argue that Plaintiff's removal as Firearms Instructor and differential treatment were not retaliatory and instead were the result of Starr Uniform's actions, the Complaint presents sufficient allegations to put at issue whether the City of Scranton made the decision to remove Plaintiff as a Firearms Instructor or exercised control over Starr Uniform or otherwise participated or acquiesced in the decision to exclude Plaintiff, and whether the city's actions or inactions in connection with Plaintiff's removal and separate training were causally linked to Plaintiff's statements.

Therefore, Plaintiff has alleged facts sufficient to state or support a First Amendment retaliation claim and the Court will deny Defendant's motion to dismiss.

## V. Conclusion

For the foregoing reasons, the court will deny Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc. 6). A separate Order follows.

Robert D. Mariani
United States District Judge